IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROCHELLE SMITH,

    Plaintiff,

vs.                                                       Civ. No. 03-465 JP/ACT

CARI M. DOMINGUEZ, Chair,
United States Equal Employment Opportunity Commission,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 21, 2003, the Defendant filed Defendant's Partial Motion to Dismiss and Memorandum in Support (Doc. No. 12). Having reviewed the briefs and relevant law, the Court finds that the Defendant's Partial Motion to Dismiss and Memorandum in Support should be treated as a motion for partial summary judgment under Fed. R. Civ. P. 56 and should be granted.

A. Background

The Plaintiff alleges in her complaint that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by engaging in racial discrimination, national origin discrimination, and retaliation. The Plaintiff also alleges that the Defendant engaged in disability discrimination in violation of the Rehabilitation Act of 1973, as amended.

The Plaintiff, an Anglo female, worked at the Albuquerque District Office of the Equal Employment Opportunity Commission (EEOC) as an investigator. On September 28, 2000, the Plaintiff, who does not speak Spanish, became upset with her supervisor, Christella Garcia, when Ms. Garcia directed the Plaintiff to conduct an intake interview of two Hispanic males, one of whom did not speak English. Previous to this incident, the Plaintiff had disagreed with Ms. Garcia

about how to deal with Spanish speaking clients at the intake stage. Nevertheless, on September 29, 2000, Ms. Garcia issued to the Plaintiff a Letter of Warning (LOW) for inappropriate language and conduct she exhibited on September 28, 2000. On October 17, 2000, the Plaintiff filed a grievance under the Collective Bargaining Agreement which was based upon her receipt of the LOW. The Plaintiff sought the following relief in her grievance: 1) implementation of a written policy to allow Spanish speaking persons to speak with Spanish speaking intake officers and have their cases investigated by Spanish speaking investigators; 2) removal of the LOW from her personnel file; and 3) a commitment by Ms. Garcia to end harassment of the Plaintiff over the intake language issue. The Plaintiff pursued her grievance through Step 3 of the grievance process. At that point, on May 18, 2001, the grievance was again denied and the Plaintiff's union apparently refused to invoke arbitration as provided by the grievance process. The Plaintiff did not appeal the Step 3 determination under 29 C.F.R. §1614.401(d).

On August 24, 2001, the Plaintiff first contacted an EEOC counselor. On October 29, November 29, and December 21, 2001, respectively, the Plaintiff filed three EEOC complaints. The October 29, 2001 EEOC complaint alleged that the Plaintiff experienced discriminatory harassment following Ms. Garcia's issuance of the LOW. The Office of Equal Opportunity (OEO), however, refused to accept the LOW claim presented in the October 29, 2001 EEOC complaint because the Plaintiff had elected to file a negotiated grievance on that claim in October 2000. Under 29 C.F.R. §1614.107(a)(4), an employee may not file both a negotiated grievance and an EEOC complaint on the same matter.

The Defendant argues that with respect to the LOW claim the Plaintiff has failed to state a claim upon which relief can be granted because: 1) the Plaintiff elected to pursue the LOW claim

2

through the negotiated grievance process, not the EEOC process; 2) Plaintiff failed to exhaust her administrative remedies regarding the LOW claim; and 3) the Plaintiff failed to file a timely civil action with respect to the LOW claim.  The Defendant also argues that the Court lacks jurisdiction over the LOW claim and the Plaintiff failed to state a claim upon which relief can be granted based on the LOW claim because the OEO dismissed the LOW claim and would not accept that claim during the EEOC process.

The Plaintiff contends that the LOW claim she presented through the negotiated grievance process was not based on alleged discrimination but rather upon a disagreement between her and EEOC management on how to handle Spanish speakers.  The Plaintiff contends that the LOW claim presented to the OEO was based on discriminatory harassment resulting from the issuance of the LOW and that the OEO incorrectly characterized the EEOC LOW claim as the non-discriminatory one she presented through the negotiated grievance process.  Consequently, the Plaintiff argues that she exhausted her administrative remedies with respect to the EEOC LOW claim by presenting it to the OEO.  In the alternative, the Plaintiff argues that the Court should defer ruling on the Defendant's arguments in favor of dismissal of the LOW claim until further discovery is conducted and the Defendant presents those arguments in a motion for summary judgment.

B.  Standards of Review

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may dismiss the complaint if it appears to a certainty

that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction can take one of two forms. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A defendant can facially attack the complaint's allegations of subject matter jurisdiction or challenge the underlying facts upon which subject matter jurisdiction depends. *Id*. "When, as here, a party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, 'a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002)(quoting *Holt*, 46 F.3d at 1003). Generally, relying on evidence outside the pleading to address a Rule 12(b)(1) motion does not convert the Rule 12(b)(1) motion to a summary judgment motion under Fed. R. Civ. P. 56. *Id*. However, if the jurisdictional issue is intertwined with the merits of the case, then a Rule 12(b)(1) motion can be converted to a Rule 56 motion for summary judgment. *Id*. Where the jurisdictional issue involves exhaustion of administrative remedies, as in this case, there is no intertwining of the jurisdictional issue and the merits of the case. *Id*. at 1324-25.

C.  Discussion

    1.  The Grievance LOW Claim

The Defendant argues first that the Plaintiff failed to exhaust her administrative remedies under the negotiated grievance process by not appealing the Step 3 determination. The Plaintiff does not dispute that she did not pursue any further action after the Step 3 determination. Rather,

the Plaintiff argues that the LOW claim presented through the negotiated grievance process is not the LOW discrimination claim she is alleging in her federal civil complaint.  Having reviewed the Plaintiff's initial grievance and her federal civil complaint, the Court finds that the grievance LOW claim is not presented in this lawsuit.  Since the Plaintiff is not pursuing that particular LOW claim in this lawsuit, the Defendant's arguments concerning the grievance LOW claim have no merit.

    2.  The EEOC LOW Claim

        a.  Failure to Comply with 29 C.F.R. §1614.105(a)(1)

The Defendant argues that the EEOC LOW claim was untimely because the Plaintiff did not contact an EEOC counselor within 45 days of the issuance of the LOW as required by 29 C.F.R. §1614.105(a)(1).  29 C.F.R. §1614.105(a)(2) allows for the extension of the 45-day period by an agency or the EEOC

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Since 29 C.F.R. §1614.105(a)(1) allows for the tolling of the 45-day time limit under certain circumstances, compliance with the 45-day time limit is not a jurisdictional requirement for filing a Title VII complaint in federal court.  *Sizova*, 282 F.3d at 1325.  Consequently, the Defendant's argument that the Plaintiff failed to comply with 29 C.F.R. §1614.105(a)(1) should be analyzed under Rule 12(b)(6).  *See Beene v. Delaney*, 70 Fed. Appx. 486, 490 (10th Cir. 2003).  However, since the Plaintiff presented evidentiary matters outside of her complaint with respect to this timeliness issue, the Court must treat that part of the motion for partial dismissal as a motion for

5

summary judgment under Rule 56.[1] *Id*.

The Plaintiff argues that the OEO excused her failure to comply with 29 C.F.R. §1614.105(a)(1) when it failed to dismiss her EEOC LOW claim for being untimely and instead dismissed her EEOC LOW claim for having already been presented through the negotiated grievance process. The Plaintiff also appears to argue that the 45-day time limit began when the EEOC LOW claim became a "sufficiently palpable" discrimination claim and that equitable tolling of the 45-day time limit should apply to extend the 45-day time limit. These arguments, however, are without merit.

First, the Plaintiff does not cite to any authority to support the proposition that an OEO dismissal of a claim for a reason other than failure to comply with 29 C.F.R. §1614.105(a)(1) somehow excuses a plaintiff from having to comply with 29 C.F.R. §1614.105(a)(1). Second, the fact that a plaintiff may not have discovered the alleged discriminatory motive for an adverse employment action until later does not extend the 45-day period in which to contact an EEOC counselor. *Johnson v. Glickman*, 155 F.Supp.2d 1240, 1248 (D. Kan. 2001). The 45-day period begins to run when the plaintiff learns of the adverse employment action and so is "on notice to

---

[1] Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

inquire whether the motive was discriminatory." *Id*. at 1248-49 (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557-58 (10th Cir. 1994); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992)). In this case, the 45-day period began to run when the Plaintiff received the LOW in September or October 2000 and expired many months before she contacted an EEOC counselor in August 2001. Finally, to allege equitable tolling, "the plaintiff must show that the defendant has actively misled her with respect to the cause of action, or that plaintiff has been prevented in some extraordinary way from asserting her rights." *Id*. at 1248 n.8 (citing *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)). The Plaintiff does not allege any facts to support equitable tolling. In sum, the Plaintiff has failed to establish that she complied with 29 C.F.R. §1614.105(a)(1) and the Defendant is entitled to summary judgment on the Plaintiff's Title VII claim based upon the LOW.

        b. The OEO's Dismissal of the LOW Claim

The Defendant further argues that the LOW claim should be dismissed because the OEO did not accept that claim for review and subsequently dismissed it based on the Plaintiff's decision to bring the LOW claim in the October 2000 grievance. As stated previously, the grievance LOW claim had a different basis than the EEOC LOW claim. Accordingly, this argument by the Defendant for dismissal of the Title VII LOW claim is without merit.

D. Conclusion

The Defendant is entitled to summary judgment on the Plaintiff's Title VII LOW claim because the Plaintiff did not comply with 29 C.F.R. §1614.105(a)(1)'s time limitation to contact an EEOC counselor. The Plaintiff argues that she should be allowed to have discovery on the issue of whether she has complied with 29 C.F.R. §1614.105(a)(1). The Plaintiff, however, has failed to put forth any specific grounds for tolling the 45-day time period. The Court will,

therefore, not defer ruling on this motion for partial dismissal pending discovery on the issue of tolling 29 C.F.R. §1614.105(a)(1).

IT IS ORDERED that:

1. Defendant's Partial Motion to Dismiss and Memorandum in Support (Doc. No. 12), treated as a motion for partial summary judgment under Rule 56, is granted; and

2. the Plaintiff's Title VII discrimination claim based on the September 29, 2000 Letter of Warning will be dismissed.[2]

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In addition to requesting the Court to dismiss the LOW claim, the Defendant also appears to be requesting the Court to exclude the LOW itself as evidence in this case. Since this issue was not fully explored by the Defendant, the Court advises the Defendant to file a motion in limine if she desires to keep the LOW from being used as evidence.