IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROCHELLE SMITH,

       Plaintiff,

v.                                                                                   No. CIV 03-465  JP/ACT

CARI M. DOMINGUEZ,
Chair, United States Equal Employment
Opportunity Commission,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Rochelle Smith sued her former employer, the United States Equal Employment Opportunity (EEOC), for employment discrimination. On April 30, 2004, the EEOC filed a Motion for Summary Judgment as to Remaining Claims (Doc. No. 53). On July 6, 2004, Plaintiff requested leave to file a surreply (Doc. No. 65). On August 20, 2004, I granted summary judgment in Defendant's favor and denied Plaintiff's request to file a surreply (Doc. 76). On August 31, 2004, Plaintiff filed Plaintiff's Motion and Memorandum Seeking Reconsideration of the Court's Memorandum Opinion and Order (Doc. No. 78). On September 17, 2004, Defendant filed Defendant's Motion to Strike Plaintiff's Motion for Reconsideration (Doc. No. 80). After a careful review of the law, the briefs, and the overall record in this case, I conclude that Plaintiff's motion for reconsideration should be denied and Defendant's motion to strike should be denied.

**I.**     **STANDARD OF REVIEW**

       **A. Motion for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (citing Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992)).  Instead, a motion to reconsider is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) if it is filed within 10 days of the entry of judgment.  Id.  Because Plaintiff filed the motion within 10 working days of the entry of judgment, the motion will be considered under Rule 59(e).  See also Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir. 1988), ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).").

    A Rule 59(e) motion for reconsideration should be granted only to correct manifest errors of law or to reflect newly discovered evidence.  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)).  Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §2810.1 at 127-28 (1995).  In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error.  See, e. g., Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); F. D. I. C. v. Cage, 810 F. Supp. 745, 747 (S. D. Miss. 1993).  In light of their narrow purpose, Rule 59(e) motions are seldom granted. 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §2810.1 at 128.  The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. Phelps, 122 F. 3d at 1324.

    **B.  Motion to Strike**

    Federal Rule of Civil Procedure 12(f) provides, "[U]pon the court's own initiative at any

time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) applies only to pleadings and not to motions, affidavits or other evidence. However, it is noteworthy that the Federal Rules of Civil Procedure give a trial judge broad discretion in ruling on motions to strike.

A trial court's decision to strike a motion or an affidavit is an evidentiary ruling and therefore is reviewed on appeal under an abuse of discretion standard. "Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion." Sports Racing Services, Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 894 (10th Cir. 1997); See Lujan v. National Wildlife Federation, 497 U.S. 871, 894 (1990).

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

Because Plaintiff has not (1) shown that I committed a manifest error in granting summary judgment to the Defendants or (2) presented newly discovered evidence, Plaintiff has not met the requirements needed to trigger a Rule 59(e) reconsideration. Therefore, I must deny Plaintiff's motion for reconsideration.

Plaintiff contends that I misapplied the summary judgment standard. After a second careful review of the law as applied to Plaintiff's case, I find that Plaintiff has not shown error, let alone manifest error. Plaintiff points to three areas in which she believes I erred. One, Plaintiff argues that she presented triable facts that she had a disability. However, she makes no argument in her motion for reconsideration on this claim and does not explain how my opinion inaccurately handled this issue. Two, Plaintiff claims, as she did previously, that her work environment was

hostile. Again, Plaintiff makes no argument in her motion and does not explain how I erred in considering her hostile work environment claim. Three, Plaintiff once more asserts that she suffered adverse employment actions and Plaintiff states that I failed to recognize that the Tenth Circuit liberally defines adverse employment action. Although Plaintiff has stated the basis of her position regarding adverse employment actions in her motion for reconsideration, she relies on the same cases I analyzed and did not demonstrate I too narrowly construed the Tenth Circuit law on adverse employment actions. In fact, in the Memorandum Opinion and Order granting summary judgment, I explicitly acknowledged the Tenth Circuit's liberal standard regarding adverse employment actions, but still found that Plaintiff did not meet it.

I believe it is important to note that all of Plaintiff's concerns were addressed in the August 20, 2004 Memorandum Opinion and Order in a light most favorable to Plaintiff. To make every effort to achieve the most fair adjudication possible, I have checked and double-checked my application of the summary judgment standard in Plaintiff's case. As to her disability claim, Plaintiff has not presented any evidence that she is disabled within the meaning of the Rehabilitation Act of 1973, as required by D.N.M. LR-Civ. 56.1(b). Even though Plaintiff did not plead a hostile work environment claim in her original complaint and Defendant argued that Plaintiff had not exhausted her administrative remedies in regard to this claim, in deciding Defendant's motion for summary judgment I resolved both of these issues in Plaintiff's favor. I could not, however, rationally find that Plaintiff had established the elements of a prima facie case of a hostile work environment even when I viewed the admissible evidence in a light most favorable to Plaintiff. Finally, Plaintiff has not shown that I misunderstood how to determine if an adverse employment action occurred. Normally, adverse employment actions occur when there is

a firing or the like. See Meiners v. Univ. of Kansas, 359 F.3d 1222, 1230 (10th Cir. 2004). Plaintiff relies on events such as her supervisor requiring a doctor's note for a one-day absence from work. While Plaintiff alleges that the creation of a hostile work environment is itself an adverse employment action, this argument is moot because Plaintiff has not satisfied the elements of a hostile work environment claim.

Furthermore, I will not grant Plaintiff's motion to file a surreply because Plaintiff has provided no compelling grounds for doing so and the surreply is now moot since the motion for summary judgment has been decided. Some of the issues Plaintiff wished to raise in her surreply have been resolved in Plaintiff's favor and other issues were not the basis of my decision to grant summary judgment. In sum, even if I were to grant the motion to file a surreply, there is nothing in the surreply that would revive Plaintiff's claims.

### B. Defendant's Motion to Strike

Defendant has not convinced me that there is a reason for striking Plaintiff's motion for reconsideration or the attached affidavit. In its motion to strike, Defendant does not cite to any legal authority supporting its position, in violation of D.N.M.L.R. Civ. 7.5(a). Another United States District Judge in this circuit has opined, "[I]t is impossible to strike a submitted affidavit." Maverick Paper Co. v. Omaha Paper Co. Inc., 18 F.Supp.2d 1232, 1235 (D. Kan. 1998), cited with approval in Jones v. Barnhart, 349 F.3d 1260, 1270 (10th Cir. 2003). In Maverick Judge Vratil did not accept the defendant's motion to strike and instead decided, "If a submitted affidavit contains relevant admissible material, then the Court may rely on it in making its rulings. If the affidavit contains material that is not admissible or relevant, the Court will ignore it." Id. This course of action, which I will follow, was approved by the Tenth Circuit. "We find nothing

5

in the record that suggests an abuse of discretion by the district court, or that it failed to ignore inadmissible hearsay or legal conclusions within the declarations as submitted to it." Jones v. Barnhart, 349 F.3d 1260, 1270 (10th Cir. 2003).

Even though I will not strike Plaintiff's motion for reconsideration, I will not consider Plaintiff's affidavit attached to it because the claims and statements contained in the affidavit are untimely. Plaintiff filed a Complaint on April 16, 2003 and asserted four claims: race discrimination, national origin discrimination, disability discrimination, and retaliation/reprisal. In an effort to give Plaintiff every opportunity to properly place her claims before the Court, at the Pretrial Conference on July 15, 2004, I inquired, "Do you have a claim of constructive discharge?" Plaintiff's counsel, Ms. Hammel, replied, "It isn't constructive discharge, because it's different." Pretrial Conf. Tran. at 53. Plaintiff could have, but did not, move to amend the Complaint at any time. Nonetheless, I construed the Pretrial Order filed on August 4, 2004 (Doc. No. 72) as an amendment to the Complaint and permitted Plaintiff to pursue a hostile work environment claim even though she did not allege that claim in her Complaint. No additional claims are properly before the Court. Fed. R. Civ. Proc. 16(e) provides that the Pretrial Order "shall control the subsequent course of action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice." Plaintiff has not requested a modification of the Pretrial Order and I do not see an argument for manifest injustice, especially because Plaintiff's affidavit still fails to set forth facts that would support a valid claim under Title VII. But even if Plaintiff's late affidavit were sufficient to support some claim, the EEOC may have defenses to it. To permit Plaintiff to assert a new claim at this point could well lead to the need to reopen discovery and to permit the filing of further motions. It is

simply too late to do this.  In sum, the affidavit attached to the motion for reconsideration is untimely and should not be considered by the Court.

I am sympathetic to the fact that Plaintiff's pleadings and supporting evidence do paint a picture of an employer who treated her unfairly; and I note the irony of the EEOC, of all workplaces, appearing to have a racially charged atmosphere.  However, our nation's civil rights laws do not give an employee redress for every instance of lack of civility and professionalism in the workplace.  See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998).  Title VII does not afford Plaintiff a remedy in this case.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion and Memorandum Seeking Reconsideration of the Court's Memorandum Opinion and Order (Doc. No. 78) is DENIED and Defendant's Motion to Strike Plaintiff's Motion for Reconsideration (Doc. No. 80) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE